UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Gail Leong,

                              Plaintiff,

        v.                                              8:11-CV-00370

Commissioner of Social
Security,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff Gail Leong commenced this action *pro se* asserting claims pursuant to the Americans with Disabilities Act of 1990 ("ADA"); Title VII of the Civil Rights Act of 1964 ("CRA"); and 42 U.S.C. § 1983, based on the Social Security Administration's refusal to allow her to choose her own medical evaluator.

**I.**      **FACTS**

The following facts are taken from Plaintiff's Complaint and, for purposes of the instant motion, are deemed to be true.

Plaintiff is currently a resident of Van Buren, Maine and is receiving disability benefits from the Social Security Administration ("SSA"). To keep receiving benefits, she must be periodically evaluated by a medical professional chosen by the SSA. According to Plaintiff, patients are not permitted to verify the qualifications of the medical evaluator and the SSA does not take the individual needs of patients into account when selecting the medical

professional. Plaintiff requested that her next medical evaluation be performed at the Adirondack Medical Center in Saranac Lake, New York.

Plaintiff commenced the instant action seeking an order requiring SSA to permit her to receive her next medical evaluation at the Adirondack Medical Center. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) for lack of jurisdiction and improper venue.

## II.     STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). Pursuant to 42 U.S.C. § 405(g), an individual must obtain a "final decision of the Commissioner" before a federal court has jurisdiction over the claim. See Heckler v. Ringer, 466 U.S. 602, 617 (1984); Califano v. Sanders, 430 U.S. 99, 108 (1977); Matthews v. Chater, 101 F.3d 681, 681 (2d Cir. 1996) ("Pursuant to 42 U.S.C. § 405(g), an individual must obtain a 'final decision of the Secretary' before judicial review of Social Security benefit determinations is granted.") (affirming the district court's dismissal for lack of subject matter jurisdiction when the plaintiff failed to exhaust all administrative remedies).

## III.    DISCUSSION

### a.     Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's Complaint on the ground that she failed to her exhaust administrative remedies before filing the instant action and, thus, the Court lacks subject matter jurisdiction over the case. As stated above, 42 U.S.C. § 405(g) requires the SSA to reach a final decision on a claim before it can be brought in federal court. Although

the statute does not define the term "final decision," the Commissioner has set forth a detailed administrative process. See Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that the Commissioner is to "flesh out by regulation" what constitutes a "final decision.") Under these regulations, an individual must: (1) receive an initial determination of benefits; (2) if unsatisfied with the determination, ask for a reconsideration; (3) request and appear at a hearing before an administrative law judge; and (4) request the Appeals Council to review the decision by an administrative law judge. 20 C. F. R. § 404.900. Only after these four steps are completed can a plaintiff file an action seeking district court review. Id. Completion of the administrative process is "central to the requisite grant of subject-matter jurisdiction." Weinberger v. Salfi, 422 U.S. 749, 764 (1975).

Here, Plaintiff's sole argument is that she should be able to select the medical professional who will conduct her next evaluation. Plaintiff is currently receiving disability benefits and is not up for a review of those benefits until November 2011. Plaintiff failed to follow the steps for reaching a final decision, as promulgated by the Commissioner and, thus, failed to exhaust her administrative remedies. Accordingly, pursuant to 42 U.S.C. § 405(g), the Court lacks jurisdiction over Plaintiff's claims.

### b.  Title VII, ADA, and § 1983 Claims

Plaintiff's Complaint may be read to be asserting claims pursuant to Title VII, the ADA, and § 1983. Title VII, the ADA, and § 1983 do not apply to a federal agency implementing a federal program. Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983) (Title VII "was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.");

Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 4 (2d Cir. 1991) (an action brought pursuant to § 1983 "cannot lie against federal officers."). Insofar as these statutes do not apply to the federal government, they must be dismissed.

To the extent Plaintiff's Complaint may be considered to be asserting a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), it must be dismissed. In Bivens, the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Nothing in Plaintiff's Complaint plausibly suggests the violation of any constitutional right. Accordingly, Plaintiff's Complaint is dismissed.

### IV.   CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED IN ITS ENTIRETY**.

IT IS SO ORDERED.

Dated: July 25, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge